**TRUCK INSURANCE EXCHANGE,
a California Corporation,
Plaintiff—Appellant,**

v.

**Theo L. STORER, Personal Representative of the Estate of Morton B. Hiller; Dean Dalling; William R. Dalling, Defendants—Appellees.**

No. 01–35597.

D.C. No. CV–99–00612–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Jan. 10, 2003.

tories.

Before B. FLETCHER, KLEINFELD and MCKEOWN, Circuit Judges.

## MEMORANDUM *

 We review the district court's grant of summary judgment de novo, applying the same standard used by the trial court under Federal Rule of Civil Procedure 56(c).[1] We accord no special deference to the district court's interpretation of Idaho state law and apply the normal de novo standard of review.[2] As the Idaho courts are "the ultimate expositors of [Idaho] state law," we must follow their interpretation of Idaho's statute of limitations.[3]

In *Lapham v. Stewart*,[4] the Idaho Supreme Court held that "the cause of action for professional malpractice accrues as of the time of the occurrence, act or omission complained of" provided that there is "some damage" to plaintiff.[5] In the case at bar, the critical question is when Truck Insurance incurred "some damage" from Hiller's alleged failure to convey a settlement offer to the insureds. Under Idaho law, some damage occurs when the damage is "objectively ascertainable."[6] Idaho law further provides that damage is objectively ascertainable when "there is objective proof that would support the existence

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001).

**2.** *See Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Matter of McLinn*, 739 F.2d 1395, 1403 (9th Cir.1984) (en banc).

**3.** *Mullaney v. Wilbur*, 421 U.S. 684, 691 & n. 11, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (citations omitted).

**4.** 137 Idaho 582, 51 P.3d 396 (Idaho 2002).

**5.** *Id.* at 400.

**6.** *Id.* at 400–01; *Chicoine v. Bignall*, 122 Idaho 482, 835 P.2d 1293, 1298 (Idaho 1992).

of some actual damage." [7]

In some cases, such as those involving negligent drafting of an instrument, there is objective proof of the damage upon hiring new counsel to deal with the consequences of the error.[8] But in cases of negotiation or litigation error, the error isn't necessarily objectively ascertainable when it is alleged and new counsel is retained. Thus, in *Chicoine v. Bignall,* the Idaho Supreme Court held that a cause of action didn't accrue until it reversed the trial court's decision to grant a new trial.[9] One way to look at such a case is that, unlike the drafting case, damage cannot be objectively ascertained until a judgment or settlement imposes some harmful consequence with finality. Another way to look at *Chicoine* is that the client wasn't suing for attorney's fees for dealing with an earlier error, but rather for the expense of a judgment or settlement caused by the error. This case is controlled by *Chicoine.*

Truck Insurance prevailed on summary judgment in the bad faith litigation in Idaho's trial court. At that point, there was no ground upon which it could have sued its attorneys, because the trial court's judgment in favor of Truck Insurance insulated it from any objectively ascertainable damage. The Idaho Supreme Court's reversal of summary judgment did not begin the accrual of the cause of action because it remanded for further proceedings and did not hold that Truck Insurance had engaged in bad faith. Although Truck Insurance no longer had won the case, neither had it lost. Until settlement occurred, it was speculative, not only whether damages would be caused, but also whether there was any

breach of duty by the insurance carrier and by the attorney. Any damage to Truck Insurance was not objectively ascertainable until it settled the claim for an amount in excess of policy limits. Accordingly, we reverse the district court's judgment.

■ Appellees argue that even if the statute of limitations does not bar Truck Insurance's malpractice claim, the doctrine of judicial estoppel does. Under *Rissetto,*[10] whether judicial estoppel applies is a question of federal law. Judicial estoppel "precludes a party from gaining an advantage by taking one positions, and then seeking a second advantage by taking an incompatible position." [11] The judicial estoppel doctrine does not bar Truck Insurance's claims. Truck Insurance did not gain advantage by taking the position that its attorneys were not negligent prior to claiming in this case that they were.

Our reversal does not establish that there was any professional malpractice, nor do we speak to any other defenses that may pertain. The summary judgment based on the statute of limitations is

REVERSED.

---

**7.** *Chicoine,* 835 P.2d at 1298.

**8.** *See, e.g., Elliott v. Parsons,* 128 Idaho 723, 918 P.2d 592, 594 (Idaho 1996).

**9.** *Chicoine,* 835 P.2d at 1298.

**10.** *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597 (9th Cir.1996).

**11.** *Id.* at 600.